IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**EVERMAN'S ELECTRIC COMPANY**                                **PLAINTIFF**

v.                                              **CAUSE NO. 1:14CV440-LG-RHW**

**J.J. SOSA & ASSOCIATES, INC.**                                    **DEFENDANT**

## ORDER GRANTING MOTION FOR FINAL JUDGMENT

BEFORE THE COURT is the defendant J.J. Sosa & Associates, Inc.'s [14] Motion for Final Judgment, requesting a judgment for the arbitration award it received in this case, pre- and post-judgment interest, and attorneys' fees and costs.

Plaintiff Everman's Electric Company responded, indicating that it objects only to the number of hours Sosa's attorney's claimed to have spent on this proceeding. According to Everman, the total of nine hours of attorney and paralegal time claimed is excessive, because Sosa's counsel is experienced in construction-related arbitration proceedings and should not have required nine hours to draft pleadings.

Sosa replied that its attorneys did not spend all nine hours on drafting pleadings, but also "legal research and analysis, teleconferences and correspondences (including with opposing counsel), meetings about strategy, and other additional investigation and work connected with enforcing a judgment." (Def. Reply 2, ECF No. 16). Sosa attached an affidavit to its Motion setting out the two attorneys' experience, hourly rate, and hours worked on the case. (Def. Mot. Ex. A, ECF No. 14-1). After reviewing the affidavit, the Court does not find a total of nine hours work on this federal proceeding to be excessive. Further, the hourly

rates of Sosa's attorneys are in line with the customary rates of similarly experienced attorneys in this region.  Everman's objection will be overruled and Sosa's claimed attorneys' fees will be awarded as part of the final judgment in this case.

Sosa has requested that the Court's judgment provide that interest will accrue at eight percent per annum until paid in full.  The arbitrator awarded eight percent interest, "from and after the date of the Award" on the principal amount of the award.  (Award of Arbitrator 3, ECF No. 10-1).  The Fifth Circuit Court of Appeals has drawn a distinction between "post-award" interest and "post-judgment" interest.  *See Tricon Energy Ltd. v. Vinmar Int'l, Ltd.*, 718 F.3d 448, 460 (5th Cir. 2013).  The arbitrator's award of post-*award* interest is not equivalent to an award of post-*judgment* interest, and therefore the eight percent interest rate "disappears for post-judgment purposes." *Id*. at 457.  Sosa is limited to post-judgment interest calculated "at a rate equal to the weekly average 1–year constant maturity Treasury yield," 28 U.S.C. § 1961(a), rather than eight percent as awarded by the arbitrator.

Sosa also requested eight percent "pre-judgment" interest.  Since the arbitrator did not make any provision for pre-judgment interest, the Court interprets Sosa's request as applying to the period of time between the date of the arbitrator's award and the date of this Court's judgment.  *See, e.g., McVay v. Halliburton Energy Servs., Inc.*, 688 F. Supp. 2d 556, 564 (N.D. Tex. 2010), *aff'd*, 608 F. App'x 222 (5th Cir. 2015).  Mississippi law governs the award of pre-

judgment interest on the arbitrator's award.  *See Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1329 (5th Cir. 1994).  Pre-judgment interest may be awarded under Mississippi law when the principal amount can be fixed prior to judgment.  *Moeller v. Am. Guar. & Liab. Ins. Co.*, 812 So. 2d 953, 958 (Miss. 2002).  All of the amounts at issue here were fixed at the time of the arbitrator's award, with the exception of this Court's award of attorney's fees and costs.  Accordingly, pre-judgment interest will be awarded at the rate established by the arbitrator from the date of the arbitration award until the date of this Court's judgment.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [14] Motion for Final Judgment filed by J.J. Sosa & Associates, Inc. is **GRANTED**.  A separate judgment conforming to the above discussion will enter.

**SO ORDERED AND ADJUDGED** this the 22nd day of September, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE